In re:

Debtor 1:  Joseph Bourne

Debtor 2:  Kasey Bourne
(Spouse, if filing)

Debtor(s).
*In a joint case, Debtor means Debtors in this plan.*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

**CHAPTER 13 PLAN**

Case No.:
Dated: August 7, 2023

Check if this is:
____ Amended Plan (pre-confirmation)
____ Modified Plan (post-confirmation)
(1st, 2nd, etc.)

**Part 1. NOTICES**

**To Debtor:** This form includes options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. You must provide for the treatment of all secured and priority unsecured claims in this plan. In addition, you must attach a liquidation analysis to this plan. A sample liquidation analysis may be found on the Bankruptcy Court website. http://www.ndb.uscourts.gov

**To Creditors: Your rights may be affected by this plan. Your claim may be reduced, modified or eliminated.** You should read this plan carefully and discuss it with your attorney if you retained one in this bankruptcy case. If you have not retained an attorney, you should consider consulting one.

If you oppose Debtor's treatment of your claim or any provision in this plan, you or your attorney must file an objection to confirmation before the deadline set by the Court. **The Bankruptcy Court may confirm this plan without further notice if no interested parties file objections to confirmation.** **See** Local Rule 3015-1.

**To Those Seeking Plan Disbursements from the Trustee: You or someone on your behalf must file a proof of claim to be paid by the Trustee.**

**NOTICE OF NONSTANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS AND LIEN OR SECURITY INTEREST AVOIDANCE:**

Debtor must check a box next to 1.1, 1.2 and 1.3 to state whether the plan includes any of the following items:

| 1.1 | A limit on the amount of a secured claim based on the value of the collateral, which may result in a partial payment or no payment to the secured creditor (see Part 9 below) | ☐ Included | ☒ Not included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase money security interest | ☐ Included | ☒ Not included |
| 1.3 | Nonstandard provisions included in Part 16 | ☒ Included | ☐ Not included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE**

2.1 As of the date of this plan, Debtor has paid the Trustee $__0.00__.

2.2 After the date of this plan, Debtor will pay the Trustee:

$941.16 per month for 60 months beginning in _____ (mo.) of _____ (yr).

For a total of $56,469.60. The initial plan payment is due not later than 30 days after the order for relief (petition date).

2.3 The minimum plan length is ☐ 36 months or ☒ 60 months from the date of the initial plan payment unless all allowed clam are paid in a shorter time.

2.4 Debtor will also pay the Trustee

2.5 Debtor will pay the Trustee a total of $56,469.60 [Parts 2.1 + 2.2 + 2.4].

2.6 Debtor will provide the Trustee a copy of each income tax return filed during the plan term within 14 days after filing the return. Debtor will treat income tax refunds as follows: The debtors shall send the Trustee each year during the Chapter 13 Plan copies of federal and state income tax returns at the time they are filed. The debtors shall also promptly report to the Trustee the receipt of any federal and state tax refunds for the duration of this Chapter 13 case. The debtors shall be entitled to retain the first $2,000 , plus any earned income credit (EIC). Any remaining amounts shall be turned over to the Chapter 13 trustee as additional plan payments within 10 days of receipt..

**Part 3. ESTIMATED PAYMENTS BY TRUSTEE TO CREDITORS:** From available funds, the Trustee will pay creditors for whom a proof of claim was filed. The Trustee may collect a fee of up to 10% of plan payments or $5,647.20 [line 2.5 x .10].

**Part 4. ADEQUATE PROTECTION PAYMENTS (§ 1326(a)(1)(C)):** From available funds, the Trustee will promptly pay adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one.

|     | **Creditor** | **Monthly payment** | **Number of months** | **Total payments** |
|-----|---|---|---|---|
| 4.1 |   |   |   |   |
| 4.2 |   |   |   |   |
|     | TOTAL |   |   |   |

**Part 5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES (§ 365):** Debtor assumes the following executory contracts or unexpired leases. Debtor will pay the payments that come due after the petition date directly to the creditors. Cure provisions, if any, are included in Part 8. Those executory contracts and unexpired leases not expressly assumed below are deemed rejected on the date of plan confirmation.

|     | **Creditor** | **Description of property** |
|-----|---|---|
| 5.1 |   |   |
| 5.2 |   |   |

**Part 6. CLAIMS NOT IN DEFAULT:** Debtor is current on the payment of the following claims, and Debtor will pay the payments that come due after the date of the petition directly to the creditors. The creditors will retain their liens, if any.

|     | **Creditor** | **Description of property** |
|-----|---|---|
| 6.1 |   |   |
| 6.2 |   |   |

**Part 7. HOME MORTGAGES IN DEFAULT (§§ 1322(b)(5) AND 1322(e)):** The Trustee will cure defaults on the following claims secured only by a security interest in real property that is Debtor's principal residence. Debtor will pay the installment payments that come due after the petition date directly to the creditors. The creditors will retain liens. Unless otherwise ordered by the Court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below. In the absence of a contrary timely filed proof of claim, the amounts listed below are controlling.

|     | **Creditor** | **Amount of default** | **Monthly payment** | **Beginning in month #** | **Number of payments** | **Total payments** |
|-----|---|---|---|---|---|---|
| 7.1 |   |   |   |   |   |   |
| 7.2 |   |   |   |   |   |   |
| TOTAL |   |   |   |   |   |   |

**Part 8. CLAIMS IN DEFAULT (§§ 1322(b)(3) AND (5) AND 1322(e)):** The Trustee will cure defaults on the following claims as set forth below. Debtor will pay the payments that come due after the petition date directly to the creditors. The creditors will retain liens, if any. Unless otherwise ordered by the Court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below. In the absence of a contrary timely filed proof of claim, the amounts listed below are controlling.

|     | **Creditor** | **Amount of default** | **Interest rate (if any)** | **Monthly payment** | **Beginning in month #** | **Number of payments** | **Total payments** |
|-----|---|---|---|---|---|---|---|
| 8.1 |   |   |   |   |   |   |   |
| 8.2 |   |   |   |   |   |   |   |
| TOTAL |   |   |   |   |   |   |   |

**Part 9. SECURED CLAIMS - AMOUNT IN PLAN CONTROLS [§ 1325(a)(5) CRAMDOWN]:** The amount listed in this Part binds the creditors pursuant to 11 U.S.C. § 1327 and confirmation of the plan is the determination of the creditors' allowed secured claims. The Trustee will pay the amount listed in the "Total Payments" column below. Unless otherwise specified in Part 16, the

creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5). The unsecured portion of the claim, if any, will be treated as provided in Part 14. For secured claims filed by governmental units, unless otherwise ordered by the Court, the value of a secured claim listed in its proof of claim filed in accordance with Bankruptcy Rule 3012(c) controls over any contrary amount listed below.

|  | Creditor | Total claim amount | Allowed secured claim (Value of collateral) | Interest rate | Beginning in month # | x Number of payments | = Plan payments | + AP from Part 4 | = Total payments |
|---|---|---|---|---|---|---|---|---|---|
| 9.1 | Exeter Finance LLC | $966.00 | $966.00 | 0.00% | 3 | 2 | $483.00 | $0.00 | $966.00 |
| TOTAL | | | | | | | | | $966.00 |

**Part 10. SECURED CLAIMS EXCLUDED FROM § 506 (§ 1325 Hanging Paragraph)::**

*Check one.*

☒ **None.** *If "None" is checked, the rest of Part 10 need not be completed or reproduced.*

**Part 11. PRIORITY CLAIMS (Not including claims under Part 12):** The Trustee will pay in full all claims entitled to priority under § 507(a)(2) through (a)(10), including the following. The amounts listed are estimates. The Trustee will pay the amounts actually allowed.

|  | Creditor | Estimated claim | Monthly payment | Beginning in month # | Number of payments | Total payments |
|---|---|---|---|---|---|---|
| 11.1 | Internal Revenue Service | $1,900.00 | $0.00 | 60 | 0 | $0.00 |
| 11.2 | North Dakota Office of State Tax Commiss | $0.00 | $0.00 | 60 | 0 | $0.00 |
| TOTAL | | | | | | $0.00 |

**Part 12. DOMESTIC SUPPORT OBLIGATION CLAIMS:** The Trustee will pay in full all domestic support obligation claims entitled to priority under § 507(a)(1), including the following. The amounts listed are estimates. The Trustee will pay the amounts actually allowed.

|  | Creditor | Estimated claim | Monthly payment | Beginning in month # | Number of payments | Total payments |
|---|---|---|---|---|---|---|
| 12.1 | | | | | | |
| 12.2 | | | | | | |
| TOTAL | | | | | | |

**Part 13. SEPARATE CLASSES OF UNSECURED CREDITORS:** In addition to the class of unsecured claims specified in Part 14, there shall be the following separate classes of nonpriority unsecured claims. The Trustee will pay the allowed claims of the following creditors. All entries below are estimates.

|  | Creditor | Estimated claim | Monthly payment | Beginning in month # | Number of payments | Number of payments | Total payments |
|---|---|---|---|---|---|---|---|
| 13.1 | | | | | | | |
| 13.2 | | | | | | | |
| TOTAL | | | | | | | |

**Part 14. ALLOWED NONPRIORITY UNSECURED CLAIMS:** The Trustee will pay holders of allowed nonpriority unsecured claims the balance of all payments received by the Trustee and not paid under Parts 3, 7, 8, 9, 10, 11, 12 and 13. These claimants will receive their pro rata share of approximately $47655.97 [line 2.5 minus totals in Parts 3, 7, 8, 9, 10, 11, 12 and 13].

14.1 Debtor estimates that the total unsecured claims held by creditors listed in Part 9 are $0.00

14.2 Debtor estimates that the unsecured portion of the claims secured by surrendered collateral in Part 15 total: $0.00.

14.3 Debtor estimates that Debtor's nonpriorty unsecured claims (excluding those in Parts 9 and 13) total $ 47,655.97.

14.4 Total estimated unsecured claims are $47,655.97 [lines 14.1 + 14.2 + 14.3].

14.5. Projected percentage payment to nonpriority unsecured creditors 100.000%.

**Part 15. SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:** Debtor surrenders the collateral securing the claims of the following creditors in satisfaction of the secured portion of the creditors' claims. To the extent the collateral does not satisfy a creditor's claim, the creditor shall be treated as the holder of an unsecured claim. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 14 above. Debtor requests that the automatic stay under 11 U.S.C. §§ 362(a) and 1301(a) be terminated as to the surrendered collateral on the date this plan is confirmed.

|      | **Creditor** | **Legal Description (Real Estate)** <br> **Description of Property (Chattel)** |
|------|--------------|-------------------------------------------------------------------------------|
| 15.1 |              |                                                                               |
| 15.2 |              |                                                                               |

**Part 16. NONSTANDARD PROVISIONS:** Placement of additional nonstandard provisions, as defined in Rule 3015(c), must be in this part. Any nonstandard provision placed elsewhere in the plan is void.

| 16.1 | Pursuant to 11 U.S.C. Section 1305, a proof of claim may be filed for taxes that become payable while the case is pending.  The trustee shall only pay 11 U.S.C. Section 1305 tax claims attributable to the taxable year in which the case concerning such debtor(s) was filed, and only to the extent funds are available. |  |
|------|---|---|
| 16.2 |   |   |

**Part 17. SUMMARY OF ESTIMATED PAYMENTS:**

|       | **Class of payment**                          | **Amount to be paid** |
|-------|-----------------------------------------------|----------------------:|
| 17.1  | Trustee's Fee [Part 3]                        | $5,647.20             |
| 17.2  | Home Mortgage Defaults [Part 7]               | $0.00                 |
| 17.3  | Claims in Default [Part 8]                    | $0.00                 |
| 17.4  | Section 506 Secured Claims [Part 9]           | $966.00               |
| 17.5  | Non-Section 506 Secured Claims [Part 10]      | $0.00                 |
| 17.6  | Priority Claims [Part 11]                     | $0.00                 |
| 17.7  | Domestic Support Claims [Part 12]             | $0.00                 |
| 17.8  | Separate Class of Unsecured Claims [Part 13]  | $0.00                 |
| 17.9  | Nonprioirty Unsecured Claims [Part 14]        | $47,655.97            |
| 17.10 | TOTAL (must equal Part 2.5)                   | $56,469.60            |

Certification regarding nonstandard provisions:
I certify that this plan contains no nonstandard provisions except as placed in Part 16.

Signed: /s/ Maurice Verstandig
Debtor's Counsel OR Debtor (if pro se)
Maurice Verstandig
The Dakota Bankruptcy Firm
1630 1st Avenue N
Suite B PMB 24
Fargo, North Dakota 58102

Signed: /s/ Joseph Bourne
Debtor 1: Joseph Bourne
Dated: August 7, 2023

Signed: /s/ Kasey Bourne
Debtor 2: Kasey Bourne
Dated: August 7, 2023

mac@dakotabankruptcy.com

Effective December 1, 2017

Page | 5

Software Copyright (c) 1996-2023 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

The liquidation analysis shows unsecured general non-priority creditors would receive 0.00% under a Chapter 7 filing.
Administrative costs will reduce the funds available under a Chapter 7.

| Liquidation Analysis | Total Amount | Real Property | Personal Property |
|---|---:|---:|---:|
| Total Property Value | $6,904.98 | $0.00 | $6,904.98 |
| Less: Schedule D. Secured Claims | $966.00 | $0.00 | $966.00 |
| Less: Schedule C. Exemptions | $9,444.96 | $0.00 | $9,444.96 |
| Interest in Nonexempt Property | $0.00 | $0.00 | $-3,505.98 |
| Less: Estimated Chapter 7 Admin Expenses | $0.00 | | |
| Less: Schedule E Priority Claims | $0.00 | | |
| Available to General Unsecured | $0.00 | | |
| Total General Unsecured | $49,555.97 | | |
| Percent Distribution | 0.00% | | |
| Details | | | |
| Unsecured from Schedule D | $0.00 | $0.00 | $0.00 |
| Unsecured from Schedule E | $1,900.00 | | |
| Unsecured from Schedule F | $47,655.97 | | |