UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In re:  BKY 23-30259
Chapter 13

Joseph Bourne and Kasey Bourne,

Debtors.

**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

Kyle L. Carlson, Chapter 13 Trustee, objects to confirmation of the Chapter 13 plan filed by the debtors and requests that the plan be denied.

1. This case was filed on August 7, 2023 and is pending before this Court. The meeting of creditors has been held and is concluded. This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This objection is brought pursuant to 11 U.S.C. §§ 1322 and 1325.

2. According to testimony at the Section 341 meeting of creditors, the debtors have not yet filed their 2021 and 2022 federal and state tax returns. The filing of these tax returns is a requirement for confirmation of the debtors' plan. *See* 11 U.S.C. §§ 1308(a) and 1325(a)(9).

3. The Internal Revenue Service filed a priority claim in the amount of $20,796.40. This claim is in excess of the presumed amount on which the structure of the proposed plan is premised and renders impossible the debtors' satisfaction of obligations pursuant to the terms of the proposed plan.

WHEREFORE, the Trustee requests denial of the plan or continuance of the confirmation hearing.

Dated: 10-11-23

/s/ Kyle L. Carlson
Kyle L. Carlson
Chapter 12 & 13 Trustee
PO Box 519
Barnesville, MN  56514
218-354-7356

**VERIFICATION**

I, Kyle L. Carlson, Chapter 13 Trustee, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: 10-11-23

/s/ Kyle L. Carlson
Kyle L. Carlson, Trustee

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

In re:                                                                                           BKY 23-30259
                                                                                                 Chapter 13

Joseph Bourne and Kasey Bourne,

      Debtors.

**MEMORANDUM OF LAW**

### I. Facts

The facts supporting the objection are set forth in the attached verified objection. In addition, the Trustee also relies on the representations made by the debtors at the Section 341 meeting of creditors and in the debtors' filed schedules.

### II. Burden

A debtor bears the ultimate burden of proving that a Chapter 13 plan should be confirmed. When a debtor fails to carry that ultimate burden, confirmation must be denied. *In re Melander*, 506 B.R. 855, 859 (Bankr. Minn. 2014); *see also In re Vantiger–Witte*, 2008 WL 4493426, at *3 (Bankr.N.D.Iowa Sept. 29, 2008) ("Generally, the debtor has the ultimate burden to prove a Chapter 13 plan meets all the requirements for confirmation...."); *In re Maronde*, 332 B.R. 593, 597 (Bankr.D.Minn.2005) ("Debtor has the burden of proving that the conditions for confirmation have been satisfied.").

### III. Tax Return Filing Requirement

Section 1308(a) of the Code provides that:

Not later than the day before the date on which the meeting of the creditors is first scheduled to be held under section 341(a), if the debtor was required to file a tax return under applicable nonbankruptcy law, the debtor shall file with appropriate tax authorities all tax returns for all taxable periods ending during the 4-year period ending on the date of the filing of the petition.

Section 1325(a)(9) of the Code provides that "…the Court shall confirm a plan if…the debtor has filed all applicable Federal, State, and local tax returns as required by section 1308.

Section 1307(e) provides that:

Upon the failure of the debtor to file a tax return under section 1308, on request of a party in interest or the United States Trustee and after notice and a hearing, the Court shall dismiss a case or convert a case under this Chapter to a case under Chapter 7 of this title, whichever is in the best interest of the creditors and the estate.

Here, the debtors have not yet filed their 2021 and 2022 federal and state tax returns. Pursuant to Sections 1308(a) and 1307(e), the plan cannot be confirmed until those tax returns are filed. If the debtors fail to file said tax returns, grounds would exist for dismissal of the case.

**IV.    Conclusion**

  Based on the foregoing, the Trustee requests denial of the plan or continuance of the confirmation hearing.

## VERIFICATION

  I, Kyle L. Carlson, Chapter 13 Trustee, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated:  10-11-23

                 <u>/s/ Kyle L. Carlson</u>
                 Kyle L. Carlson, Trustee

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| In re: | BKY 23-30259 |
| | Chapter 13 |
| Joseph Bourne and Kasey Bourne, | |
| Debtors. | |

**UNSWORN DECLARATION FOR PROOF OF SERVICE**

The undersigned, being an employee of the standing Chapter 13 Trustee, declares that on the date indicated below, I served the attached Trustee's Objection to Confirmation of Chapter 13 Plan and Memorandum of Law upon all entities named below by first class mail postage prepaid and to any entities who are Filing Users, by automatic e-mail notification pursuant to the Electronic Case Filing System:

Joseph Bourne and Kasey Bourne
12249 26F Street NW
Watford City, ND 58854

And I declare, under penalty of perjury, that the foregoing is true and correct.

Dated: 10-11-23

/s/ Patricia Halverson
Patricia Halverson
Chapter 13 Office