IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Case No. 23-30259 |
| | ) | (Chapter 13) |
| JOSEPH & KASEY BOURNE | ) | |
| | ) | |
| Debtors. | ) | |

**PARTIAL OBJECTION TO CLAIM OF INTERNAL REVENUE SERVICE (#6)**

Come now Joseph Bourne and Kasey Bourne ("Mr. and Ms. Bourne" or the "Debtors"), by and through undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 3007, and partially object to allowance of the claim of the Department of Treasury – Internal Revenue Service (the "IRS" or the "Claimant," with the underlying claim being found at entry #6 in the claims register and being known as the "Claim") and in support thereof state as follows:

I.      **Introduction**

The Claim is premised upon estimated taxes, for both Mr. and Ms. Bourne, for the calendar years 2021 and 2022. Inasmuch as the Debtors had not yet filed their tax returns when the IRS docketed the Claim, such was eminently reasonable. But the crucial two returns have now been signed and submitted, revealing palpably lower – albeit still-extant – debts to the United States. And the Debtors thusly object to the Claim solely as a mechanism of allowing this case to go forward with a plan that properly funds the subject debt but that does not create an economic burden beyond that contemplated by Title 26 of the United States Code.

For these reasons, and as expounded upon *infra*, it is respectfully urged the Claim be allowed in the reduced sum of $3,295.00.

II.      **Standard**

As previously observed by this Honorable Court, "Section 502 of the Bankruptcy Code governs the allowance of claims and interests. A filed proof of claim is deemed allowed unless a

1

party in interest objects." *In re Midwest Agri Dev. Corp.*, 2007 WL 4868309, at *1 (Bankr. D.N.D. 2007) (citing 11 U.S.C. § 502(a)). Further:

> …once a proof of claim is filed it is prima facie evidence of the claim's validity and amount, and the claim is deemed allowed if there is no objection. "If an objection to the claim is made, the court, after notice and a hearing, must determine the amount of the claim fixed as of the date of the petition." "Bankruptcy Rule 3001(f) places the burden of producing some evidence to rebut the presumption of validity on the objecting party." "If this burden of production is met, the ultimate burden of persuasion as to the allowability of the claim resides with the creditor."

*In re Racing Services, Inc*., 595 B.R. 334, 353 (Bankr. D.N.D. 2018), aff'd, 617 B.R. 641 (D.N.D. 2020), aff'd, 854 Fed. Appx. 777 (8th Cir. 2021) (citing and quoting *In re Tanner*, 2013 WL 2318848, at *4 (Bankr. N.D. Iowa 2013) (citing *In re Be-Mac Transp., Co*., 83 F.3d 1020, 1025 (8th Cir. 1996); *In re Dove-Nation*, 318 B.R. 147, 152 (8th Cir. BAP 2004))).

Once an objection to a proof of claim is lodged, "[a]s a rebuttal to the Debtors' objection in this case, the claimant must at least establish that a claim exists." *Matter of Interco Inc.*, 137 B.R. 1002, 1002 (Bankr. E.D. Mo. 1992).

### III.    Argument: The Tax Debt is Notably Lower

It is not always clear how the IRS computes estimated liability but, equally, the Debtors certainly do not take issue with the practice. Mr. and Ms. Bourne did not file returns for the two immediately preceding tax years, prior to initiating this case, and, as such, the IRS found itself in the all-too-common predicament of needing to docket a proof of claim but lacking the data essential to so doing. With that data now properly submitted, however, it is appropriate to reduce the subject Claim.

Specifically, the IRS asserts that the Debtors owe $8,833.54 for the tax year 2021 and an additional $11,962.86 for the tax year 2022, bringing the obligation to a total of $20,796.40. *See* Claim, p. 4. The actual returns filed by Mr. and Ms. Bourne, however, reflect a reduced debt of

2

$1,138.00 for 2021 and $2,157.00 for 2022, resulting in a total of $3,295.00. *See* Forms 1040, attached hereto as Exhibits A and B.[1]

To be sure, the Debtors owe the IRS the sum of $3,295.00 and are keen to pay that obligation through an amended plan herein. And, at that reduced sum, the Debtors can make a good faith amendment and proceed with the payment of 100% of their debts over the life of a plan. But, in the absence of a reduction to the IRS' claim, the Debtors' plan would encounter significant feasibility issues. Such is not to posit that a plan would fail the feasibility standard *per se*, or that this case could not otherwise proceed. But such is to acknowledge the obvious: in the world of two hard-working individual taxpayers, a $3,295.00 burden is eminently more manageable than a $20,796.40 burden.

### IV.    Conclusion

WHEREFORE, the Debtor respectfully prays this Honorable Court (i) allow the Claim in the reduced sum of $3,295.00; and (ii) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: November 12, 2023        By:    /s/ Maurice B. VerStandig
                                        Maurice B. VerStandig, Esq.
                                        The Dakota Bankruptcy Firm
                                        1630 1st Avenue N
                                        Suite B PMB 24
                                        Fargo, North Dakota 58102-4246
                                        Phone: (701) 394-3215
                                        mac@dakotabankruptcy.com
                                        *Counsel for the Debtors*

*[Certificate of Service on Following Page]*

---

[1] For self-evident reasons, the two forms being filed herewith are heavily redacted. These do *not* constitute the whole of the Debtors' tax filings for the two subject years but, rather, are excerpted solely to show the computed debt due to the IRS.

3

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 12th day of November, 2023, a copy of the foregoing was served electronically upon filing via the ECF system, with copies being thereby sent to all parties registered to receive notice of the same.

I FURTHER CERTIFY that on this 12th day of November, 2023, a copy of the foregoing was tendered to a third party mailing vendor, for service on November 13, 2023 via U.S. Mail, postage prepaid, upon:

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

U.S. Attorney's Office
Attn: Civil Process Clerk
655 First Avenue North
Suite 250
Fargo, ND 58102-4932

Hon. Merrick B. Garland
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530

Kyle L. Carlson, Esq.
Bankruptcy Trustee
P.O. Box 519
Barnesville, MN 56514

Robert B. Raschke, Esq.
Assistant U.S. Trustee
Suite 1015 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

/s/ Maurice B. VerStandig
Maurice B. VerStandig