IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In re: ) | |
| ) | Case No. 23-30259 |
| Joseph Bourne ) | Chapter 13 |
| Kasey Bourne ) | |
| ) | |
| Debtors ) | |

## OPPOSITION TO MOTION TO DISMISS

Come now Kasey Bourne ("Ms. Bourne") and Joseph Bourne ("Mr. Bourne") (collectively, the "Debtors," and each a "Debtor"), by and through undersigned counsel, in opposition to the Motion to Dismiss (the "Motion," as found at DE #33) filed by Kyle L. Carlson, Chapter 13 Trustee (the "Trustee"), and state as follows:

### I.     Introduction

This is a relatively standard chapter 13 case in which the Debtors filed a petition for relief in August 2023, DE #1, and thereafter confirmed a plan—without much incident or issue—in December of the same year, DE #27. The Trustee now seeks dismissal of this case on the theory the Debtors have materially defaulted under their plan in three ways: (i) failing to timely turn over tax returns; (ii) failing to pay over tax refunds; and (iii) being delinquent in the making of plan payments. Of the three contentions, one is a point of modest dispute, one is moot, and one gives rise to concerns that can be addressed through the plan modification or abatement process. None of the contentions, however, give rise to a material default. And the Motion is accordingly meritorious of denial at this juncture.

Significant monies have been paid over throughout the pendency of this case and the Debtors have comported themselves with perennial good faith. Equity well dictates that, to the extent a monetary default now needs to be cured, such does not rise to the requisite level of

1

materiality to warrant dismissal and the Debtors ought to be permitted occasion to engage the plan modification process. Further, as expounded upon below, it is respectfully submitted that neither of the other alleged grounds of default actually constitute cause sufficient to dismiss this case.

**II.     Standard**

The Trustee seeks relief under Section 1307(c)(6) of Title 11 of the United States Code. Motion, DE #33, at ¶¶ 4-5. That provision allows for dismissal or conversion of a chapter 13 case upon "material default by the debtor with respect to a term of a confirmed plan." 11 U.S.C. § 1307(c)(6).

In assessing a motion such as this, "[i]t is the burden of the moving party to present evidence of the amount of the default so that the court may evaluate it under this provision." 8 Collier on Bankruptcy P 1307.04 (citing *In re Midkiff*, 85 B.R. 467 (Bankr. S.D. Ohio 1988)).

In evaluating an alleged default, a court—even upon finding a material default to have actually occurred—is not required to dismiss or convert a case but, rather, may elect to do "neither," insofar as "[i]t is then left to the bankruptcy court's discretion as to whether there is cause for conversion or dismissal as a result of the material default." *In re Lee*, 2022 Bankr. LEXIS 2455, at *9 (Bankr. E.D. Mich. Sep. 6, 2022).

**III.     Argument: Dismissal is Not Instantly Appropriate**

    **a.  The Tax-Centric Issues Do Not Constitute a Material Default**

The first two grounds of default alleged by the Trustee concern a putative failure to timely provide copies of tax returns and, to the extent applicable, a correlative failure to remit any refunds to the Trustee. Yet such is both contested (rather mildly) and, upon examination of pertinent facts, a non-material alleged default insofar as (i) the Debtors believe they did upload the returns to the Trustee, through a portal; (ii) the returns have now been furnished to the Trustee's office; (iii) the

2

returns are being docketed herewith (with redactions of Social Security numbers and a minor child's name); and (iv) no refund was realized in connection with the subject tax year.

The Debtors' plan requires tax returns be handed over to the Trustee within fourteen days of filing, and any refunds realized thereunder—over and above $2,000.00—are to be "turned over to the Chapter 13 trustee as additional plan payments within 10 days of receipt." First Amended Plan, DE #22, at § 2.6.

As noted above, Section 1307(c)(6) only provides for dismissal or conversion in the event of "material" defaults under a confirmed plan. 11 U.S.C. § 1307(c)(6). And the word "material" is thusly of some import, as the doctrine of surplusage dictates the word have some meaning such that the relevant phrase not be construed to encompass *any* plan default by a debtor. 8 Collier on Bankruptcy P 1307.04. *See also Dunn v. Cftc*, 519 U.S. 465, 472 (1997) (". . . legislative enactments should not be construed to render their provisions mere surplusage.") (citing *Babbitt v. Sweet Home Chapter of Cmtys. for a Great Or.*, 515 U.S. 687, 698 (1995); *Mountain States Tel. & Tel. Co. v. Pueblo of Santa Ana*, 472 U.S. 237, 249 (1985)).

Here, as an initial matter, the Debtors do believe they submitted a copy of the relevant tax returns. This opposition does not, however, rest upon that contention. Rather, as observable from the return filed herewith, the tax filing only serves to evidence the Debtors owing the federal government additional monies as and for the 2023 tax year whilst receiving a *de minimis* refund from the State of North Dakota. Insofar as the state tax refund is well below the $2,000.00 threshold set forth in the plan, it does not signify any greater monetary obligation to the Trustee. And insofar as the federal tax obligation well exceeds the state tax refund, any failure to timely produce the returns—while regrettable—would be substantively immaterial in nature.

To be sure, the Debtors do not suggest they ought to be permitted to disregard the dictates of their plan. Nor do they suggest that the plan be read as a discretionary document. They simply suggest that, in the fact-specific prism of this case, a failure to timely remit a copy of their tax return to the Trustee (if such a failure actually occurred) does not rise to the high level of materiality requisite to countenance dismissal of their chapter 13 case.

### b. The Debtors are Assessing Plan Modification Options

The Trustee's other concern is premised upon missed plan payments aggregating $3,616.84, Motion, DE #33, at ¶ 5, against the contextual backdrop of a plan that requires monthly payments of $1,165.21, First Amended Plan, DE #22, at § 2.2, and that has been in effect since November 2023, *id.* This means that of the $18,643.36 in payments that have thus far come due, the Debtors are passively acknowledged to have properly tendered more than 80% of their monetary obligations. The remaining shortcoming, while no doubt cause to either modify the plan or seek an abatement of payment obligations thereunder, is not cause sufficient for dismissal of this case.

As observed by a sister court, ". . . § 1307(a) does not mandate that the bankruptcy court dismiss debtors' Petition based on missed payments." *Clements v. Early (In re Church)*, 438 B.R. 334, 347 (N.D. Ala. 2010). Indeed, as noted by the *Lee* Court, even a finding of a *material* default would only leave to a court's equitable discretion whether any adverse ramification is appropriate. *In re Lee*, 2022 Bankr. LEXIS 2455, at *9.

Just as with the tax-centric matters discussed above, materiality is a crucial part of the breach analysis. Indeed, "[f]ailure to make a plan payment, by itself, would not normally be a material default; if it were, the word 'material' would be surplusage." 8 Collier on Bankruptcy P 1307.04. And where courts have found missed payments to constitute material defaults, such has

4

often (albeit not always) come in the prism of defaults far more egregious than that alleged *sub judice*. *See, e.g.*, *In re Daggs*, 2014 Bankr. LEXIS 2509, at *6 (Bankr. D. Colo. Jan. 6, 2014) ("Her failure constitutes a default, and the Court finds that the default is material, both in amount, $11,768.36, and in time, with over nine months of missed payments."); *In re Tashjian*, 72 B.R. 968, 972 (Bankr. E.D. Pa. 1987) (describing a prior ruling—involving dismissal of a case over two consecutive missed plan payments—as "extremely harsh" and being "one that we would be unlikely to follow even on its own facts").

Here, there appear to have been certain tumultuous occurrences in the Debtors' lives, not merely straining the reach of disposable income during certain prior periods of this case but, too, having a tendency to negatively impact disposable funds on a forward-looking basis. The Motion is welcome insofar as it has furnished occasion for the Debtors to realize payments have been missed (something of which they were not both fully aware previously) and to confer with counsel regarding the various options consequently available to them. Some benign sensitivities naturally encompass the manner in which these options will be weighed, but it is rather likely (albeit not certain) that the Debtors will, prior to March 28, 2025, either petition this Honorable Court to modify the confirmed plan or for an abatement of certain historic obligations thereunder. And, if successful in so doing, the Debtors will have thusly remedied the monetary breach alleged by the Trustee in the Motion.

To be sure, the Debtors respectfully submit the alleged monetary breach is, in its current form, insufficiently material to give rise to the harshness of dismissal. And the Debtors, equally, believe they will be able to more fully set forth certain compelling circumstances at a hearing upon the Motion, should one come to pass. But the Debtors, regardless, remain resolved to pursue the chapter 13 process through discharge, and respectfully submit that the modesty of the breaches

5

alleged by the Trustee, coupled with the Debtors' exemplary conduct since entering bankruptcy, militate against dismissal.

## IV. Conclusion

WHEREFORE, the Debtors respectfully pray this Honorable Court (i) deny the Motion; and (ii) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: March 20, 2025   By:   /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
The Dakota Bankruptcy Firm
1630 1st Avenue N
Suite B PMB 24
Fargo, North Dakota 58102-4246
Phone: (701) 394-3215
mac@dakotabankruptcy.com
*Counsel for the Debtors*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of March, 2025, a copy of the foregoing was served electronically upon filing via the ECF system.

/s/ Maurice B. VerStandig
Maurice B. VerStandig

6