IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In re: ) | |
| ) | Case No. 23-30259 |
| Joseph Bourne ) | Chapter 13 |
| Kasey Bourne ) | |
| ) | |
| Debtors ) | |

## MOTION TO MODIFY PLAN

Come now Kasey Bourne and Joseph Bourne (the "Bournes" or the "Debtors"), by and through undersigned counsel, pursuant to Section 1329 of Title 11 of the United States Code, Federal Rule of Bankruptcy Procedure 3015, and Local Rule 3015-3, and move to modify the chapter 13 plan (the "Plan," as found at DE #22) previously confirmed in this case, and in support thereof state as follows:

As noted in a pending motion to dismiss, DE #33, and an opposition thereto, DE #34, the Debtors have periodically neglected to make certain payments under the Plan. While the Bournes have faithfully made the overwhelming majority of such payments, without incident or issue, they do now find themselves slightly behind and needing to catch up—on some $3,602.47 in missed payments—as they work toward paying 100% of all debts through their chapter 13 case. In that spirit, they propose to modify the Plan to reamortize the total outstanding debt over the remaining 39 months of their commitment period.

Title 11 of the United States Code permits a chapter 13 plan to be modified, at any time after confirmation and before conclusion, to "increase or reduce the amount of payments on claims of a particular class provided for by the plan. . ." 11 U.S.C. § 1329(a)(1). Governing rules, in turn, require, *inter alia*, "[a] request to modify a confirmed plan under . . . §1329 must identify the proponent and include the proposed modification." Fed. R. Bankr. P. 3015(h)(1). And the Local Rules of this Honorable Court provide that "[a] motion to modify a plan must include a summary

1

of the modifications to the plan. A debtor must file the entire plan as modified." Local Rule 3015-3.

The proposed modified plan is attached hereto as Exhibit A. The sole modification proposed is a reamortization of payments, with the monthly payments from June 2025 through July 2028 being increased from $1,165.21 to $1,266.48, and with the final payment—in August 2028—being increased from $1,165.43 to $1,266.75. The proposed modified plan also reflects that certain payments have already been made (*i.e.*, altering Sections 2.1 to increase the sum of payments made to date, and altering Part 7 and Part 10 to reflect that defaulted claims and priority claims have already been paid in full).

One item of note: the Plan is, and remains, a so-called "100% plan." The Bournes are proposing to pay all creditors, in full, during the applicable commitment period. So while it is certainly regrettable that a modification is needed to address certain payments missed on account of the eccentricities of life, there is also relatively little bandwidth for creativity: the Bournes recognize that they need to pay all creditors, in full, and it would seem that creditors certainly appreciate they cannot be paid any more than the full amount of their respective claims.

WHEREFORE, Kasey and Joseph Bourne respectfully pray this Honorable Court (i) permit modification of the Plan; (ii) order the proposed modification, attached hereto as Exhibit A, be regarded as the confirmed plan of the Bournes; and (iii) afford such other and further relief as may be just and proper.

*[Signature on Following Page]*

                                                           Respectfully submitted,

Dated: May 26, 2025         By:   /s/ Maurice B. VerStandig
                                                    Maurice B. VerStandig, Esq.
                                                    The Dakota Bankruptcy Firm
                                                    1630 1st Avenue N
                                                    Suite B PMB 24
                                                    Fargo, North Dakota 58102-4246
                                                    Phone: (701) 394-3215
                                                    mac@dakotabankruptcy.com
                                                    *Counsel for the Debtors*

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 26th day of May, 2025, a copy of the foregoing was served electronically upon filing via the ECF system. I further certify that a copy of the same is being tendered on this 26th day of May, 2025, to a third party mailing vendor, for service, via First Class Mail, postage prepaid, on all creditors on the attached mailing matrix, on the 27th day of May, 2025.

                                                    /s/ Maurice B. VerStandig
                                                    Maurice B. VerStandig