(rev. 02.06.2023)

In re:

Debtor 1: Joseph Bourne

Debtor 2: Kasey Bourne
        (Spouse, if filing)

                    Debtor(s).

*In a joint case, Debtor means Debtors in this plan.*

| UNITED STATES BANKRUPTCY COURT |
|---|
| DISTRICT OF NORTH DAKOTA |
| **CHAPTER 13 PLAN** |
| Case No.: 23-30259 |
| Dated: |
| Indicate if this is: |
| _____ Amended Plan (pre-confirmation) |
| __1st__ Modified Plan (post-confirmation) |
| (1st, 2nd, etc.) |

**Part 1. NOTICES**

**To Debtor:** This form includes options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. You must provide for the treatment of all secured and priority unsecured claims in this plan. In addition, you must attach a liquidation analysis to this plan. A sample liquidation analysis is provided on the Bankruptcy Court website. http://www.ndb.uscourts.gov

**To Creditors: Your rights may be affected by this plan. Your claim may be reduced, modified or eliminated.** You should read this plan carefully and discuss it with your attorney if you retained one in this bankruptcy case. If you have not retained an attorney, you should consider consulting one.

If you oppose Debtor's treatment of your claim or any provision in this plan, you or your attorney must file an objection to plan confirmation before the deadline set by the Court. **The Bankruptcy Court may confirm this plan without further notice if no interested parties file objections to confirmation.** <u>See</u> Local Rule 3015-2.

**To Those Seeking Plan Disbursements from the Trustee:** You or someone on your behalf <u>must</u> file a proof of claim to be paid by the Trustee.

**NOTICE OF NONSTANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS AND LIEN OR SECURITY INTEREST AVOIDANCE:**

Debtor must check a box next to 1.1, 1.2 and 1.3 to state whether the plan includes any of the following items:

| 1.1 | A limit on the amount of a secured claim based on the value of the collateral, which may result in a partial payment or no payment to the secured creditor (see Part 8 below) | Included | ☒ Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase money security interest | Included | ☒ Not included |
| 1.3 | Nonstandard provisions included in Part 15 | ☒ Included | Not included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE**

2.1  As of the date of this plan, Debtor has paid the Trustee $ 20,194.79                                     .

2.2  After the date of this plan, Debtor will pay the Trustee:

$ 1,266.48           per month for  38     months beginning in   June         (mo.) of  2025  (yr.)

$ 1,266.75           per month for  1      months beginning in   August       (mo.) of  2028  (yr.)

$                    per month for         months beginning in                (mo.) of        (yr.)

$                    per month for         months beginning in                (mo.) of        (yr.)

For a total of $ 49,392.99                .  The initial plan payment is due not later than 30 days after the order for relief (petition date).

2.3  The minimum plan length is 36 months or ☒ 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.

2.4  Debtor will also pay the Trustee _____.

2.5  Debtor will pay the Trustee a total of $ 69,587.78                         [Parts 2.1 + 2.2 + 2.4].

2.6  Debtor will provide the Trustee a copy of each income tax return filed during the plan term within 14 days after filing the return.  Debtor will treat income tax refunds as follows:

The debtors shall send the Trustee each year during the Chapter 13 Plan copies of federal and state income tax returns at the time they are filed. The debtors shall also promptly report to the Trustee the receipt of any federal and state tax refunds for the duration of this Chapter 13 case. The debtors shall be entitled to retain the first $2,000.00, plus any earned income credit (EIC). Any remaining amounts shall be turned over to the Chapter 13 trustee as additional plan payments within 10 days of receipt.

**Part 3. ESTIMATED PAYMENTS BY TRUSTEE TO CREDITORS AND TRUSTEE'S FEES:**  Prior to confirmation of the plan and to the extent funds are available, the Trustee will make payments designated as Adequate Protection ("Adq. Pro.") under Parts 8 and 9 to creditors with claims secured by personal property. The Trustee will disburse all other funds following confirmation of the plan.

From available funds, the Trustee will pay only creditors for whom proofs of claim were timely filed. The Trustee is not required to retain funds for any claim for which a proof of claim was not timely filed and may disburse those funds to other claimants.

The Trustee may collect a fee of up to 10% of plan payments or $6,641.72                    [Part 2.5 x .10].

If the court grants a creditor relief from stay to liquidate a piece of collateral listed in the plan, the Trustee will cease distributing payments toward the debt(s) secured by the collateral unless otherwise ordered by the Court.

**Part 4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES (§ 365):** Debtor assumes the following executory contracts or unexpired leases. Debtor will pay the payments that come due after the petition date directly to the creditors. Cure provisions, if any, are included in Part 7. Those executory contracts and unexpired leases not expressly assumed below are deemed rejected on the date of plan confirmation.

|     | Creditor | Description of property |
| --- | --- | --- |
| 4.1 |  |  |
| 4.2 |  |  |

**Part 5. CLAIMS NOT IN DEFAULT:** Payments on the following claims are current as of the petition date. Debtor will pay the payments that come due after the petition date directly to the creditors. The creditors will retain their liens, if any.

|     | Creditor | Description of property |
| --- | --- | --- |
| 5.1 |  |  |
| 5.2 |  |  |

**Part 6. HOME MORTGAGES IN DEFAULT (§§ 1322(b)(5) AND 1322(e)):** The Trustee will make the following payments necessary to cure defaults on claims secured only by a security interest in real property that is Debtor's principal residence. Debtor will pay the installment payments that come due after the petition date directly to the creditors. The creditors will retain liens. The Trustee will pay the allowed default amount.

|     | Creditor | Amount of default | Monthly payment | Beginning in mo./yr. | Number of payments | Remaining payments | + *amount paid to date by Trustee (mod plan only)* | Total payments |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 6.1 |  |  |  |  |  |  |  |  |
| 6.2 |  |  |  |  |  |  |  |  |
|     |  |  |  |  |  |  | TOTAL: |  |

**Part 7. CLAIMS IN DEFAULT** (**§§ 1322(b)(3) AND (5) AND 1322(e)**)**:** The Trustee will make the following payments necessary to cure defaults on the following claims, at the interest rate listed below. Debtor will pay the payments that come due after the petition date directly to the creditors. The creditors will retain liens, if any. The Trustee will pay the allowed default amount.

|  | Creditor | Amount of default | Interest rate (if any) | Monthly payment | Beginning in mo./ yr. | Number of payments | Remaining payments | + *amount paid to date by Trustee (mod plan only)* | Total payments |
|---|---|---|---|---|---|---|---|---|---|
| 7.1 | Exeter Finance |  |  |  |  |  | 0 | $1,544.35 | $1,544.35 |
| 7.2 |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  | TOTAL: | $1,544.35 |

**Part 8. SECURED CLAIMS - AMOUNT IN PLAN CONTROLS (§ 1325(a)(5) CRAMDOWN):** Confirmation binds the creditors listed in this Part to the sum of the allowed secured claims listed below pursuant to 11 U.S.C. § 1327. The Trustee will pay the amount listed in the "Total Payments" column. Unless otherwise specified in Part 15, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5). The allowed unsecured portion of the claim, if any, will be treated as provided in Part 13. For secured claims filed by governmental units, the value of a secured claim listed in its proof of claim filed in accordance with Bankruptcy Rule 3012(c) supersedes any contrary amount listed below unless otherwise ordered by the Court.

|  | Creditor | Est. Claim amount | Allowed Secured claim | Int. Rate | Adq. Pro. (Check) | Beginning in mo./yr. | Monthly payment | # of Pay-ments | Remaining payments | + *amount paid to date by Trustee (mod plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 8.1 |  |  |  |  | ☐ |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |  |  |
| 8.2 |  |  |  |  | ☐ |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  | TOTAL: |  |

**Part 9. OVERSECURED CLAIMS AND SECURED CLAIMS EXCLUDED FROM § 506 (§ 1325 Hanging Paragraph):**

***Check one.***

    G **None.** *If "None" is checked, the rest of Part 9 need not be completed or reproduced.*

    G The claim(s) listed below was either:

(1)    incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of Debtor,
(2)    incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value, or
(3)    secured by property with value in excess of the claim.

The Trustee will pay the amount of the following allowed secured claims, at the interest rate set forth below. The following entries are estimates, <u>except for the interest rate.</u> Unless otherwise specified in Part 15, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5).

|   | Creditor | Est. Secured Claim amount | Int. Rate | Beginning in mo./yr. | Monthly payment | # of Pay-ments | Remaining payments | = Total payments |
|---|---|---|---|---|---|---|---|---|
| 9.1 |   |   |   |   |   |   |   |   |
|   | TOTAL: |   |   |   |   |   |   |   |

**Part 10. PRIORITY CLAIMS (Not including claims under Part 11):** The Trustee will pay in full all allowed claims entitled to priority under § 507(a)(2) through (a)(10), including the following claims. The amounts listed are estimates.

|  | Creditor | Est. Claim amount | Beginning in mo./yr. | Monthly payment | # of payments | Remaining payments | + amount paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|
| 10.1 | IRS |  |  |  |  |  | $3,295.00 | $3,295 |
| 10.2 | North Dakota Office of State Tax Commissioner |  |  |  |  |  | $0.00 | $0.00 |
| 10.3 | The Dakota Bankruptcy Firm |  |  |  |  |  | $2,200.00 | $2,200 |
|  |  |  |  |  |  |  | TOTAL: | $5,495 |

**Part 11. DOMESTIC SUPPORT OBLIGATION CLAIMS:** The Trustee will pay in full all allowed domestic support obligation claims entitled to priority under § 507(a)(1), including the following claims. The amounts listed are estimates.

|  | Creditor | Est. Claim amount | Beginning in mo./yr. | Monthly payment | # of payments | Remaining payments | + amount paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|
| 11.1 |  |  |  |  |  |  |  |  |
| 11.2 |  |  |  |  |  |  |  |  |
| 11.3 |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  | TOTAL: |  |

**Part 12. SEPARATE CLASSES OF NONPRIORITY UNSECURED CLAIMS:** In addition to the class of unsecured claims specified in Part 13, there are the following separate classes of nonpriority unsecured claims. The Trustee will pay the following allowed nonpriority unsecured claims. All entries below are estimates, except for the interest rate.

|  | Creditor | Est. claim amount | Interest rate (if any) | Beginning in mo./yr. | Monthly payment | # of pay-ments | Remaining payments | + amount paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|---|
| 12.1 |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  | TOTAL: |  |

**Part 13. ALLOWED NONPRIORITY UNSECURED CLAIMS:** The Trustee will pay holders of allowed nonpriority unsecured claims the balance of all payments received by the Trustee and not paid under Parts 3, 6, 7, 8, 9, 10, 11, and 12. These claimants will receive their pro rata share of approximately $ 55,906.71 [Part 2.5 minus totals in Parts 3, 6, 7, 8, 9, 10, 11 and 12].

13.1   Debtor estimates that the total unsecured claims held by creditors listed in Part 8 are $ 0.00 .

13.2   Debtor estimates that the unsecured portion of the claims secured by surrendered collateral in Part 14 total:  $ 0.00 .

13.3   Debtor estimates that Debtor's nonpriority unsecured claims (excluding those in Parts 8, 12, and 14) total: $ 55,906.71 .

13.4   Total estimated nonpriority unsecured claims (excluding those in Part 12) are $ 55,906.71 [Parts 13.1 + 13.2 + 13.3].

13.5   Projected percentage payment to nonpriority unsecured creditors (excluding those in Part 12) 100%.

**Part 14. SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:** Debtor surrenders the collateral securing the claims of the following creditors in satisfaction of the secured portion of the creditors' claims. To the extent the collateral does not satisfy a creditor's claim, the creditor will be treated as the holder of an unsecured claim after the creditor amends its proof of claim.  Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 13 above.  Debtor requests that the automatic stay under 11 U.S.C. §§ 362(a) and 1301(a) be terminated as to the surrendered collateral on the date this plan is confirmed.

|  | Creditor | Legal Description (Real Estate) Description of Property (Chattel) |
|---|---|---|
| 14.1 |  |  |
| 14.2 |  |  |

**Part 15. NONSTANDARD PROVISIONS:** Placement of additional nonstandard provisions, as defined in Rule 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void.

| 15.1 | Pursuant to 11 U.S.C. Section 1305, a proof of claim may be filed for taxes that become payable while the case is pending. The trustee shall only pay 11 U.S.C. Section 1305 tax claims attributable to the taxable year in which the case concerning such debtor(s) was filed, and only to the extent funds are available. |
|------|---|
| 15.2 | Debtors will pay all allowed unsecured claims in full. |

**Part 16. SUMMARY OF ESTIMATED PAYMENTS:**

|      | Class of payment | Total Payments |
|------|------------------|----------------|
| 16.1 | Trustee's Fee [Part 3] | $6,641.72 |
| 16.2 | Home Mortgage Defaults [Part 6] | |
| 16.3 | Claims in Default [Part 7] | $1,544.35 |
| 16.4 | Section 506 Secured Claims [Part 8] | |
| 16.5 | Non-Section 506 Secured Claims [Part 9] | |
| 16.6 | Priority Claims [Part 10] | $5,495.00 |
| 16.7 | Domestic Support Claims [Part 11] | |
| 16.8 | Separate Class of Unsecured Claims [Part 12] | |
| 16.9 | Nonpriority Unsecured Claims [Part 13] | $55,906.71 |
| 16.10 | TOTAL (must equal Part 2.5) | $69,587.78 |

Certification regarding nonstandard provisions:
I certify that this plan contains no nonstandard provisions except as placed in Part 15.

Signed:  /s/ Maurice VerStandig
Maurice "Mac" VerStandig, Esq.
The Dakota Bankruptcy Firm
1630 1st Avenue N
Suite B PMB 24
Fargo, North Dakota 58102-4246
mac@dakotabankruptcy.com

Signed: [DocuSigned signature]
Debtor 1: Joseph Bourne
Dated: 5/26/2025

Signed: [DocuSigned signature]
Debtor 2: Kasey Bourne
Dated: 5/26/2025